# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**LEROY K. BRIGGS,**

                     **Petitioner,**

     **v.**                                                        **CASE NO. 19-3186-SAC**

**STATE OF KANSAS,**

                     **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis.

### Background

Petitioner was convicted of aggravated battery in the District Court of Wyandotte County. On appeal, the Kansas Court of Appeals affirmed his conviction but vacated his sentence and remanded for resentencing based upon the incorrect criminal history classification of a juvenile conviction for burglary. *State v. Briggs*, 364 P.3d 579 (Table), 2016 WL 199045 (Kan. Ct. App. Jan. 15, 2016).

At the resentencing, petitioner again objected to the criminal history score, this time arguing that crimes he committed in Missouri, resisting or interfering with arrest, should be categorized as nonperson misdemeanors rather than person felonies. The district court denied relief, finding that the prosecution had provided certified materials from the Missouri convictions that showed the convictions there were comparable to person felonies. The Kansas Court of Appeals reversed this decision, and the matter was remanded with directions to classify the Missouri crimes as nonperson offenses.

*State v. Briggs*, 423 P.3d 551 (Table), 2018 WL 3995795 (Kan. Ct. App. Apr. 20, 2018; mod. opinion filed Aug. 1, 2018). On August 27, 2018, the State of Kansas filed a petition for review, which remains pending.

**Discussion**

As a state prisoner, petitioner must exhaust all available state court remedies before he may pursue relief in federal habeas corpus. *See* 28 U.S.C. § 2254(b)(1). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion rule is "a rule of comity" that "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Here, petitioner has not completed the exhaustion process, as his petition for review remains pending before the Kansas Supreme Court. Although petitioner claims the petition was filed in bad faith, the Court concludes petitioner's remedy at present lies in the state courts. Accordingly, the Court will dismiss this matter without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED this matter is dismissed without prejudice to allow petitioner to complete the exhaustion of state court remedies.

IT IS FURTHER ORDERED petitioner's motion to appoint counsel (Doc. 3) is denied.

IT IS FURTHER ORDERED no certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 15th day of October, 2019, at Topeka, Kansas.

> S/ Sam A. Crow
> SAM A. CROW
> U.S. Senior District Judge